

WALDEN
MACHT
&HARAN LLP

250 Vesey Street
27th Floor
New York, NY 10281

wmhlaw.com
T: 212-335-2030
F: 212-335-2040

August 11, 2023

**VIA ECF**

Honorable Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

MEMO ENDORSEMENT.
Discovery is stayed on consent of the parties.  The parties to submit a revised case management plan within two weeks of a decision on the motion to dismiss.  All dates under the current case management plan are adjourned pending further order of the Court.

8/11/2023   SO ORDERED.

LEWIS J. LIMAN
United States District Judge

**Re:**   *Blanco v. Success Academy Charter Schools, Inc. et al.*, No. 1:23-cv-01652

Dear Judge Liman:

I write on behalf of the Defendants to respectfully request that this Court stay discovery pending resolution of the Defendants' motion to dismiss, which has been fully briefed and submitted.  Plaintiff consents to this request.

Both parties have served their initial disclosures, initial requests for production of documents, and interrogatories.  Neither party is requesting any amendment to the Case Management Plan and Scheduling Order at this time.

Under Rule 26(c), a district court may stay discovery during the pendency of a motion to dismiss "upon a showing of good cause."[1]  Factors courts have considered when determining whether a stay is appropriate include (1) the breadth of the discovery sought and the burden of responding to it, (2) whether any prejudice would result, and (3) the strength of the underlying motion.[2]

Plaintiff has served extraordinarily broad discovery requests.  The alleged events in this case began in or around December 2021, *see* Am. Compl. ¶ 18, and concern the alleged experiences of Plaintiff Marilyn Blanco and her infant child, I.B., at Success Academy Charter School Harlem 2.  Yet Plaintiff seeks, among other things, documents dating as far back as 2013, as well as scores of documents about "any" and "all" Success Academy students (at all of Success Academy's New York City Schools) with IEPs or disabilities.  *See, e.g.*, Ex. A at Request No. 16 ("Any communications by or to … Moskowitz related to Success Academy students with IEPs … from … 2016 to the present); No. 17 ("All documents … received from or sent to the Office of Civil Rights … in connection with a complaint filed … on or about January 13, 2016"); No. 18 (similar); No. 19 ("Any documents … containing any statistics or tabulations related to Success Academy students with disabilities … since January 1, 2013); No. 20 ("All complaints received by any Success Academy entity located in New York City in connection with a Success Academy school's treatment of a student … with a disability … from January 1, 2016"); Nos. 21-22 (similar); No. 23 ("All communications about any Success Academy student with a disability … between

---

[1] *Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.*, WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009).

[2] *Id.*; *see also Ema Fin., LLC v. Vystar Corp.*, 336 F.R.D. 75, 79 (S.D.N.Y. 2020).

Success …. and … journalist Abigail Kramer").  These requests are not directed to the specific events alleged in this case.[3]

Responding to these requests, moreover, will impose a significant burden on the Defendants—who include two non-profit entities and three individuals—particularly given the likely dismissal or substantial narrowing of Plaintiff's claims against the Defendants.  On the other hand, a stay of discovery will not unfairly prejudice Plaintiff, who has consented to this request.

Finally, Defendants have a pending motion to dismiss Plaintiff's Second through Sixth Causes of Action, which plainly lack merit.  As set forth in the Defendants' motion to dismiss, Defendant Alvarez has not been served—a fact that Plaintiff does not contest—and Plaintiff has also failed to state a claim with respect to her Second through Sixth Causes of Action.  These include, for example, claims for abuse of process (even though Plaintiff has not alleged any cognizable legal process issued against her or I.B.) and supervisory liability (even though a Plaintiff can establish liability *only* by pleading that each individual defendant violated the Constitution through his or her own actions—which Plaintiff here has failed to do).  A stay is appropriate because the scope of discovery will likely be significantly narrowed after the motion to dismiss is decided.

For these reasons, the Defendants respectfully request a stay of discovery until their motion to dismiss is decided.

Respectfully submitted,

*/s/ Georgia Winston*

Georgia K. Winston

cc:    All parties, via ECF

---

[3] Plaintiff's counsel has sued Success Academy entities on several other occasions.  *See, e.g.*, *Steele v. Success Acad. Charter Sch., Inc. et al.*, 1:19-cv-05659 (S.D.N.Y.); *Vasquez v. Success Acad. Charter Sch., Inc. et al.*, 1:19-cv-05997 (E.D.N.Y.); *Omolade v. Success Acad. Charter Sch., Inc. et al.*, 1:19-cv-02336 (E.D.N.Y.).  These document requests seem designed to uncover documents to support other lawsuits, not this one.

2