UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                     :

MARILYN BLANCO, on behalf of herself and her infant  :
child I.B.
                                     :

                   Plaintiff,          :        23-cv-1652 (LJL)
                                     :

         -v-               :        MEMORANDUM &amp;
                                     :          ORDER

SUCCESS ACADEMY CHARTER SCHOOLS, INC., et  :
al.,
                Defendants.   :
                                     :
------------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

Before the Court are six motions to seal regarding materials submitted in connection with the motion for summary judgment filed by Success Academy Charter Schools, Inc. ("Success Academy), Success Academy Charter School Harlem 2 ("Harlem-2"), and Amelia Cohen ("Cohen" and with Success Academy and Harlem-2, "Defendants") and Defendants' motion to preclude expert testimony. Dkt. Nos. 147, 148, 149, 150, 151, 155. The parties previously filed motions to seal which the Court denied for failure to propose narrowly tailored redactions. Dkt. No. 144.[1] The motions are granted.

## LEGAL STANDARD

There is a presumption of public access to judicial documents. See *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006); *Brown v. Maxwell*, 929 F.3d 41, 47–48 (2d Cir. 2019). A judicial document is a document "relevant to the performance of the judicial function and useful in the judicial process." *Brown*, 929 F.3d at 49 (quoting *United States v.*

---

[1] The Court's order denied the motions at Dkt. Nos. 98, 106, 107, 108, 118, 122, 128, 130. Defendants have additionally refiled the motion to seal at Dkt. No. 131 with narrowly tailored redactions. Dkt. No. 151 at 1 n.1.

*Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995)). If a document is determined to be a judicial document, then the Court must assess the "weight of the presumption" of public access against any "countervailing interests." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). "[A]ll documents submitted in connection with, and relevant to, such judicial decisionmaking are subject to at least some presumption of public access." *Brown*, 929 F.3d at 50. "[I]n discussing the continuum along which the strength of the presumption will be measured, . . . where documents are used to determine litigants' substantive legal rights, a strong presumption of access attaches." *Id.* at 121. "[D]ocuments used by parties moving for, or opposing, summary judgment should not remain under seal absent the most compelling reasons." *Lugosch*, 435 F.3d at 123 (quoting *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982)).

Where the presumption is at its peak, as it is in the summary judgment context, continued sealing "may be justified only with specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." *Id.* at 124. Among the "higher values" that courts have found sufficient to overcome the presumption of public access are "protecting the confidentiality of grand jury proceedings, protecting minor victims of sex crimes, protecting a defendant's Sixth Amendment right to a fair trial, protecting significant and substantial privacy interests, such as the physical safety of litigants, witnesses, or third parties, preventing danger to persons or property, and maintaining 'the integrity of significant activities entitled to confidentiality, such as ongoing undercover investigations or detection devices.'" *Courthouse News Serv. v. Corsones*, 131 F.4th 59, 68–69 (2d Cir. 2025) (citation omitted).

2

**DISCUSSION**

The parties' requested redactions are granted.

Both parties request the redaction of information pertaining to the identity of the minor child involved in this case. Dkt. Nos. 147, 148, 149, 150, 151, 155. The parties have accordingly requested redactions of the minor's name, month and day of birth, student identification number, as well as his father's last name, his mother's street address, and the last seven digits of her phone number. *See* Dkt. No. 147. The identifying information of I.B. is not relevant to the dispute and his privacy interest in his identity outweighs the public interest in this information. *See J.L. on behalf of J.P. v. N.Y.C. Dep't of Educ.*, 2024 WL 291218, at *3 (S.D.N.Y. Jan. 25, 2024) (finding that "children's privacy interests in their identifies and their specific medical and educational information outweighs the public interest in this information."); *Cantinieri v. Verisk Analytics, Inc.*, 2024 WL 759317, at *4 (E.D.N.Y. Feb. 23, 2024) ("With respect to the documents containing Plaintiff's or other third-parties' personal information (i.e., addresses, phone numbers, etc.), the Court finds this traditionally private information weighs heavily in the Court's balancing against the presumption of access, . . . and otherwise has no bearing on the lawsuit, and therefore the public will not be prejudiced if denied access to this information.").

Defendants seek redaction of the phone numbers of Success Academy staff members. Dkt. Nos. 150, 151, 152, 155. The contact information of these non-parties is not relevant to the dispute, and "third-party privacy interests justify the requested sealing and redaction of certain private information." *Rosario v. Community Hous. Mgt. Corp.*, 2024 WL 836482, at *3 (S.D.N.Y. Feb. 28, 2024) (internal citations and quotations omitted); *see id.* (granting sealing as to identifying information of non-party tenants); *Spencer-Smith v. Ehrlich*, 2025 WL 1115019, at

3

*2 (S.D.N.Y. Apr. 15, 2025) (granting request to seal non-party contact information); *Sec. & Exch. Comm'n v. Ripple Labs, Inc.*, 2023 WL 3477552, at *6 (S.D.N.Y. May 16, 2023) (same).

Defendants request that audio files which would reveal the identity of I.B. remain under seal. Dkt. Nos. 150, 155. In recognition of the privacy interests of a minor child, these exhibits shall remain under seal. *See Lively v. Wayfarer Studios LLC*, 2025 WL 3295147, at *5 (S.D.N.Y. Nov. 26, 2025) (granting motion to seal audio file which would reveal the identity of a non-party client).

## CONCLUSION

Plaintiff's motions to seal are GRANTED. Defendants' motions to seal are GRANTED.

The Clerk of Court is respectfully requested to close Dkt. Nos. 131, 147, 148, 149, 150, 151, 155.

SO ORDERED.

Dated: June 25, 2026
New York, New York

_____
LEWIS J. LIMAN
United States District Judge

4